**FILED**
DEC 09 2002
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EARNEST D. BROADEN, et al.,

    Plaintiffs,

vs.

BULLOCK COUNTY BOARD OF EDUCATION,

    Defendant.

Case No.: CV-2002-A-789-N

## DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

Comes Now Defendant in the above-styled cause and objects to Plaintiffs' Motion for Conditional Class Certification. Plaintiffs have failed to properly demonstrate that additional non-exempt employees of Defendant wish to join the litigation who are similarly-situated to Plaintiffs pursuant to the standard that is articulated in the Fair Labor Standards Act of 1938 ("FLSA"), §16(b), as amended, 29 U.S.C.A. § 216(b) and pertinent case authority.

In support of its objection, Defendant relies on the following:

**I.    The Pleadings.**

Plaintiffs filed a generic, non-specific, boilerplate Complaint. This subject Complaint reads exactly like all the other complaints in companion FLSA cases. There is absolutely no specific information about the alleged failure to pay overtime other than to claim 144 hours of overtime which is the exact amount of overtime claimed in every FLSA case pending before this Court. Of course it is impossible for such to be true. There are no allegations or unfair practices, policies, rules, guidelines, or customs of Defendant regarding failure to pay overtime. There are not any specific facts about what Plaintiffs allege occurred other than they are owed overtime. This naked allegation



does not support the requirement that there must be detailed allegations.  See *White v. Osmose, Inc.*, 204 F.Supp.2d 1309 (M.D. Ala. 2002); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358 (M.D. Ala. 1999).  The Complaint in this matter is indicative of the non-specific, boilerplate information that has been submitted in this case for consideration.

## II.   Plaintiffs' Evidentiary Materials are Irrelevant and/or Improper.

The evidentiary materials submitted by Plaintiffs in support of their motion for conditional class are irrelevant and/or are not proper evidence that can be considered by the Court in determining whether class certification is warranted.[1]

**A.**  The transcript of *For the Record* regarding statements made by Dr. Sandra Sims-deGraffenried and Sally Howell are inadmissible hearsay and irrelevant to this cause in that Howell nor Sims-deGraffenried make no specific reference to this Defendant and without question provides no information that would constitute "detailed allegations" let alone facts based on personal knowledge about employees similarly-situated to these Plaintiffs.  Regardless of the relevancy, the comments are not sworn testimony and do not otherwise meet the requirements of the *Federal Rules of Civil Procedure* and the *Federal Rules of Evidence* such that the comments could be considered as 'evidence' in this matter.

**B.**  The documents submitted regarding FLSA litigation in Mississippi are completely irrelevant to this case and have no bearing on whether Plaintiffs in this case can meet the requisite evidentiary showing that a conditional class is warranted.

**C.**  The affidavits submitted by Plaintiffs are not proper affidavits that can be considered when determining this issue in that the affidavits do not meet the require-

---

[1] Defendant files contemporaneously herewith a Motion to Strike the evidentiary materials submitted by Plaintiffs and further adopts and incorporates herein the factual and legal arguments set out in that Motion.

ments pursuant to the *Federal Rules of Civil Procedure*, *Federal Rules of Evidence* and pertinent case authority. For one, the affidavits are not made based on personal knowledge. Moreover, the affidavits fail to make "detailed allegations" regarding practices of Defendant's failure to pay overtime. The affidavits make no specific allegations except to say that overtime was not paid. The affidavits do not provide information such as (including but not limited to): whether overtime was worked and recorded pursuant to the time keeping system yet was not paid; whether they failed to record the alleged overtime (or why the overtime was not recorded/documented); why it was not paid if recorded; or, what part Defendant played in not paying the alleged overtime. When looking to other cases addressing this issue, there is no question that Plaintiffs have not established, through the affidavits, that similarly-situated employees exist who were not paid overtime. If it were enough to say that there were employees who were not paid overtime (through boilerplate Complaints and improper affidavits) then every FLSA case would be a collective action. These affidavits are due to be struck from the record for this Court's consideration or in the alternative, should be found to fall short of the evidentiary showing necessary to constitute or justify a conditional class certification.

      **D.** The affidavit of Wayne Culver is not proper evidence in this matter. Mr. Culver has not been properly qualified as an expert witness. Regardless, he provides absolutely no evidence or "detailed allegations" of failure to pay overtime by Defendant. He admits that his 'opinions' are based on reviewing interview sheets from individuals calling Plaintiffs' counsel's office about this lawsuit. There is no information about who called, where they worked, who talked to the caller, what information the caller provided, what questions were on the interview sheets, if the information was recorded properly or whether Mr. Culver had a reasonable basis for determining the interview to be a

reliable and credible source of information. There is absolutely no indication that Culver's affidavit has anything to do with this Defendant. The chart attached to the affidavit is confusing to the point that Defendant does not know what the chart supposedly reflects or more importantly, what the chart has to do with this lawsuit. Culver's affidavit does not comply with *Federal Rule of Evidence* 702 or the standards of *Daubert v. Merrill Dow Pharmaceutical, Inc.,* 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael,* 1195 S.Ct. 1167 (1999). Culver's affidavit is improper, irrelevant and otherwise fails to satisfy the necessary requirements for warranting a conditional class certification in this matter.

### III.   Memorandum Brief

Defendant relies on the memorandum brief submitted contemporaneously herewith which provides further discussion and legal analysis of the foregoing.

### IV.   Defendant's Evidence

Defendant relies on the affidavit submitted as an exhibit to the memorandum brief in further support and demonstration that Plaintiffs have not and cannot satisfy the burden of proof necessary to warrant a conditional class in this matter.

### V.   Other Filings

Defendant adopts and incorporates herein any pleading and motion filed to date in this cause to the extent relevant to the question of whether a conditional class should be granted.

### VI.   In Summary

Defendant acknowledges that the burden to establish a conditional class pursuant to 216(b) FLSA is not as heavy as in a Rule 23 class action. However, there is a <u>burden</u> nonetheless. Plaintiffs must make some rudimentary showing of com-

monality beyond mere facts of job duties and pay provisions. *Osmose, supra*. Here, Plaintiffs do not even make factual allegations about job duties and pay provisions. It is impossible to determine if an employee is similarly-situated because there is a complete void of information regarding what Plaintiffs claim actually occurred. Moreover, the evidence submitted by Plaintiffs provides no specific allegations regarding the Defendant's alleged failure to pay overtime. Plaintiffs' assertion that they have many plaintiffs they have 'signed up' and therefore the litigation would be unmanageable is quite frankly irrelevant to the issue at hand and nothing more than a smoke screen designed to direct attention away from the fact that they have not provided this Court with proper evidence that a conditional class should be granted. Quite simply, Plaintiffs have not and cannot provide this Court with proper evidence that a conditional class should be granted.

WHEREFORE, These Premises Considered, Defendant respectfully requests that this Court deny Plaintiffs' Motion for Conditional Class Certification.

DATED THIS the 9th day of December, 2002.

**DEFENDANT REQUESTS ORAL ARGUMENT**

_____
James R. Seale

BULLOCK COUNTY BOARD OF EDUCATION, Defendant,

By: /s/ James R. Seale
James R. Seale (SEA006)
Elizabeth Brannen Carter (BRA083)
HILL, HILL, CARTER,
   FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail jrs@hillhillcarter.com
Counsel for Defendant
6630 0063/f:Objection-Motion-Conditional Class.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date served a true and correct copy of the foregoing *Defendant's Motion To Strike Evidence Submitted By Plaintiffs In Support Of Motion For Conditional Class Certification* upon Robert S. Ramsey, Esquire, RAMSEY LAW FIRM, P.C., 21 North Florida Street, Mobile, Alabama 36607 and Marc Edward Brand, Esquire, 125 South Congress Street, Suite 101, Capital Towers, Jackson, Mississippi 39201 via electronic mail and by placing same in the United States Mail, postage prepaid and properly addressed and courtesy copies of same via electronic mail upon John B. MacNeill, Esquire, Francis Edward Leon, Jr., Esquire, Mike Espy, Esquire and Sam M. Brand, Esquire this the 9th day of December, 2002.

/s/ James R. Seale
Of Counsel