FILED
SEP 30 2003
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

2003 SEP 30 P 4:02

| | |
|---|---|
| EARNEST DEAN BROADEN, ET AL | PLAINTIFFS |
| VS. | CASE NO. CV-02-A-789-N |
| BULLOCK COUNTY BOARD OF EDUCATION | DEFENDANT |

## JOINT MOTION TO DISMISS

COME NOW, the Plaintiffs named on Exhibit "A" attached hereto and the Defendant, Bullock County Board of Education, collectively referred to as "the parties" and move this Court for an Order Approving Settlement and Dismissing Plaintiffs' Claims with Prejudice as follows, to-wit:

1.

The parties have compromised and settled the claims of Plaintiffs listed in Exhibit "A". These claims include claims for unpaid straight and/or overtime compensation, liquidated damages, attorneys fees, costs and expenses.

2.

The Plaintiffs in Exhibit "A" ("settling plaintiffs") have executed a Release to the Defendant, Bullock County Board of Education. This Release provides the consideration to be paid to each settling plaintiff. The attorneys for the Plaintiffs have requested that the Defendant, Bullock County Board of Education pay to each settling plaintiff the sums set forth in Exhibit "A" attached hereto, which sum is less than the amount of consideration set forth in the Release. However, the district will forward to Plaintiffs' counsel a separate check made payable to The School Litigation Group by which the School Litigation Group will disburse to the settling plaintiffs the remainder of the consideration which includes liquidated damages, attorneys fees, expenses and costs, all of which disbursements have been previously approved by the settling plaintiffs.

91

3.

The parties have agreed to a settlement of all claims of Plaintiffs asserted or which could have been asserted in this cause. Pursuant to the settlement, the Defendant agreed to pay to Plaintiffs and Plaintiffs' attorneys a certain sum of money for unpaid straight and/or overtime compensation, liquidated damages, attorneys fees, costs and expenses. The terms of the settlement are as follows: The amount of back wages paid to individual settling plaintiffs outlined on Exhibit "A" totals $25,999.92. The Defendant paid an additional $84,000.08 to plaintiffs' attorneys for liquidated damages, costs and attorneys fees. Plaintiffs' attorneys were responsible for distributing to Plaintiffs certain amounts for liquidated damages while retaining a certain portion for attorneys fees and expenses.

4.

Counsel for plaintiffs have advised Plaintiffs of the terms and conditions of this settlement, and Plaintiffs have agreed to the settlement and the amount that Plaintiffs have received. In exchange for settlement payments, each Plaintiff has executed a binding release. A sample of the release is attached to this as Exhibit "B".

5.

The settlement amount paid by the Defendant to the Plaintiffs and Plaintiffs' counsel is a fair and reasonable sum and is consistent with the provisions of 29 U.S.C. 253 concerning the compromise of claims arising under the Fair Labor Standards Act of 1938.

6.

The Court will retain jurisdiction to enforce the terms of the settlement described in this Motion. In the event either party advises the Court that the settlement agreement has been breached, the Court may reopen the cause in order to enforce the agreement of the parties.

WHEREFORE, PREMISES CONSIDERED Plaintiffs and Defendant move this Court for an Order Approving Settlement and Dismissing Plaintiffs' Claims with Prejudice.

DATED this the 30 day of September, 2003.

PLAINTIFFS: Earnest Dean Broaden, et al

BY: MARC E. BRAND

DEFENDANT: Bullock County Board of Education

BY: JAMES SEALE

MARC E. BRAND
Attorney at Law
Post Office Box 3508
Jackson, MS 39207

JAMES R. SEALE
Hill, Hill, Carter, Franco, Cole & Black
425 South Perry Street
Montgomery, AL 36104

**EXHIBIT "A"**

RE:  Bullock County Board of Education

| | |
|---|---|
| Beatrice Alexander | $ 201.23 |
| Alvin Buford | $1315.63 |
| Irvin Calloway | $1085.87 |
| Annie Calloway | $ 688.06 |
| Ricky Calloway | $2289.29 |
| Cal Calloway | $1784.73 |
| Angela Calloway | $ 309.02 |
| James Calloway | $ 710.58 |
| Patricia Crawford | $ 255.70 |
| Daniel Ellis | $1501.18 |
| Christine Grays | $ 273.68 |
| Mattie Hatcher | $ 232.09 |
| Perry Henry | $ 450.38 |
| Marquetta Henry | $2868.90 |
| Gertrue Johnson | $ 479.57 |
| Charles McMillian | $ 783.97 |
| Rosa Miller | $ 807.42 |
| Jessie Parhams | $1784.73 |
| Ruby Penn | $ 343.01 |
| Cynthia Pickett | $  74.84 |
| Martha Pruitt | $1184.27 |
| Timmy Shields | $ 663.04 |
| Gladys Sullen | $ 372.82 |
| Willie Swanson | $ 153.28 |
| Roselyn Turner | $ 559.84 |
| Mary Turpin | $ 558.28 |
| Presetta Walker | $ 340.14 |
| Willie Walker | $ 135.56 |
| Annie Youngblood | $ 215.04 |
| Susan Wheeler | $3577.77 |
| **TOTAL** | **$25,999.92** |

# RELEASE

01) For and in consideration of the amounts, terms, and conditions stated herein, all of which are hereby agreed to and the receipt and sufficiency of which are acknowledged, _____ ("Releaser") hereby releases and forever discharges the _____ (the "District") and all of the District's employees, agents, attorneys, members of the Board of Education/Trustees, and administrators, (collectively the "Releasees") jointly and severally, of and from any and all claims, causes of action, rights of action, demands and damages of every kind and nature whatsoever, including, without limitation, all present and future claims that the Releasor may now or hereafter have arising out of or being in any way related to the following:

   a) claims for unpaid compensation, including all claims asserted pursuant to the Fair Labor Standards Act for overtime pay, liquidated damages, attorneys' fees and liens, costs, expenses, and any other claims for any other type of compensation for regular or "straight time" pay and retaliation/termination/failure to re-hire claims; and

   b) all claims made or alleged, or that could have been made or alleged in the complaint filed in the United States District Court for the Middle District of Alabama, styled _____, Case Number _____ (the "Lawsuit") and any other civil action now or in the future pending against the District resulting from the severance of Releasor's claims from the Lawsuit into a separate civil case number.

02) In consideration of this Release, the District shall pay Releasor the sum of _____ for unpaid straight time and/or overtime compensation subject to withholding by the District of regular and ordinary payroll deductions, including state and federal income taxes and Releasor's contributions to the Public Employee Retirement System, Social Security, and Medicare to which payroll deduction amount the Releasor agrees; additionally, based on that amount, the District shall pay the contributions legally required of the District, i.e., contributions to the Public Employee's Retirement System, Social Security, and Medicare. The District Releasor for liquidated damages, attorneys' fees, and expenses according to the contract for legal services and any other agreements between Releasor and his/her attorneys. These payments are in compliance with 29 U.S.C. § 253.

03) Releasor understands that a) the unpaid compensation portion of this settlement, less deductions described above, will be paid by the District to Releasor; b) the portion of the settlement for liquidated damages, attorneys' fees and liens, and costs and expenses will be paid to Releasor's counsel for allocation and payment to Releasor and Releasor's counsel pursuant to the contract for legal services and any other agreements between Releasor and his/her attorneys. The Releases have no responsibility for this allocation, and Releasor agrees not to hold the Releasees

Exhibit "B"

liable for the allocation and payment by Releasor's counsel. The Releasor agrees that the sum he/she is to receive for unpaid overtime compensation and liquidated damages is fair and reasonable.

04) Releasor understands that this settlement is a compromise of a bona fide dispute and is not an admission of liability by Releasees.

05) Releasor hereby authorizes his/her counsel to join in motion ore tenus and an agreed order for the Court to approve the settlement and to dismiss with prejudice the Lawsuit described in paragraph 1 above and any other civil action now or in the future pending against the District resulting from the severance of Releasor's claims from the Lawsuit into a separate civil cause number.

06) The parties and their counsel agree to keep the terms and conditions of the settlement confidential and will not disclose them except as required by law or court order.

07) Releasor agrees to indemnify, defend, and hold harmless the Releasees from any and all claims, demands, actions, suits, damages, loss, attorneys' fees and liens, costs, and expenses of every kind and nature whatsoever incurred or sustained or arising form the claims of Releasor.

08) Releasor certifies that he/she is competent to execute this Release and has fully read and understands the Release or has had it explained to him/her. Releasor fully understands the Release.

09) It is agreed that should it develop that there are mistakes in this Release or any document pertaining to this release or dismissal that would cause the release and discharge of the Releasees to be defective or less than complete, the Releasor will cooperate fully and execute any and all instruments and do all things reasonably necessary to bring about a full, final, and complete release of Releasees.

10) The person signing this Release is a plaintiff in this lawsuit and declares under penalty of perjury that he/she is the person named below and that the foregoing is true and correct.

Execute this _____ day of _____ 2003.

_____  _____
Print Name (Plaintiff)              Signature (Plaintiff)

_____
WITNESS

_____
Attorney for Releasor

TOTAL P.04

Exhibit "B"